# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF RAYMOND J. DUENSING, BAR NO. 9385.

No. 71081

**FILED**

DEC 21 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of the Southern Nevada Disciplinary Board hearing panel's recommendation that this court suspend attorney Raymond Duensing for a period of three years or for the term of his probation, whichever is longer.

Because Duensing failed to file an answer to the bar complaint, the allegations included in that complaint are deemed admitted. SCR 105(2). Duensing violated RPC 8.4(b) (misconduct: criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness to practice law) as a result of his felony convictions for resisting a public officer with the use of a firearm, unlawful possession of a firearm while he was an unlawful user of or addicted to a controlled substance, and carrying a concealed weapon. Duensing was sentenced to 18-48 months in prison, but the sentence was suspended and he was placed on probation for a period of time not to exceed five years subject to the following conditions: (1) he be placed on intensive

16-39772

supervision, which included a period of house arrest to be determined by his probation officer; (2) he undergo a mental health evaluation and complete any recommended counseling; (3) he not use or possess any alcohol during his probation; (4) he have no contact with the police officer that he resisted; and (5) he comply with the curfew imposed by his probation officer. As a result of the criminal convictions Duensing has been temporarily suspended from the practice of law since March 27, 2015.

This court reviews the panel's recommendations de novo, SCR 105(3)(b), and the primary issue for this court is whether the discipline is sufficient to protect the public, the courts, and the legal profession, *see State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (noting purpose of attorney discipline). In determining the appropriate discipline, this court weighs four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

While this matter involves serious illegal conduct, in consideration of the mitigating factors present—absence of prior disciplinary history, absence of dishonest or selfish motive, full and free disclosure to disciplinary authority or cooperative attitude, and imposition of other penalties or sanctions—we conclude that the panel's recommended discipline is appropriate to serve the purpose of attorney discipline. Accordingly, we suspend Duensing from the practice of law for the term of his felony probation or for a term of three years beginning retroactively on March 27, 2015, whichever is longer. Duensing shall comply with all

terms of his probation and shall pay the costs of the disciplinary proceedings, excluding Bar Counsel and staff salaries, before seeking reinstatement. The parties shall comply with the applicable provisions of SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.    _____, J.
Hardesty                          Douglas

_____, J.    _____, J.
Cherry                            Gibbons

_____, J.    _____, J.
Pickering                         Stiglich

cc:    Chair, Southern Nevada Disciplinary Panel
       Raymond J. Duensing, Jr.
       C. Stanley Hunterton, Bar Counsel
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, United States Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A